IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | Case No. | 12 B 00621 |
| DUMITRU A. VELNICIUC, Debtor, | Chapter | 13 |
| and | Judge | Jack B. Schmetterer |
| SIMONA M. VELNICIUC, Joint Debtor. | | |
| DUMITRU A. VELNICIUC and SIMONA M. VELNICIUC, | | |
| Plaintiffs, | | |
| v. | Adv. No.: | 12 A 00728 |
| JPMORGAN CHASE BANK, N.A., | | |
| Defendant. | | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

**A. The Parties**

1. The Plaintiffs are Dumitru A. Velniciuc and Simona M. Velniciuc ("Plaintiffs").

2. The Defendant is JPMorgan Chase Bank, NA ("Defendant").

**B. Factual Background**

1. On or about January 9, 2012, Plaintiffs filed a petition for relief under Chapter

7 of the Bankruptcy Code. On March 12, 2012, this case was converted to Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 4219 North Austin Avenue, Chicago, Illinois 60634.

3. That JPMorgan Chase Bank, NA holds a first mortgage lien on the real property commonly known as 4219 North Austin Avenue, Chicago, Illinois 60634, with a secured claim of $277,364.00 pursuant to the Plaintiff's recent statement.

4. The Defendant holds a second mortgage lien on the real property known as 4219 North Austin Avenue, Chicago, Illinois 60634 in the approximate amount of $73,149.13 pursuant to the proof of claim filed on April 20, 2012 by Defendant in case 12 B 00621.

5. On March 22, 2012, certified residential real estate appraiser Steve Orlowski conducted a residential real estate appraisal on Plaintiffs' property. Said property appraisal reflects the value of 4219 North Austin Avenue, Chicago, Illinois 60634 to be $170,000.00.

6. The Modified Chapter 13 Plan filed on April 27, 2012 provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $159.00 per month for 60 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10.34% of their allowed claims.

8. On May 1, 2012, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 4219 North Austin Avenue, Chicago, Illinois 60634.

9. That on May 1, 2012, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 270 Park Avenue, New York, NY 10017, and to the attorneys for the Defendant by regular US Mail at P.O. Box 80908, Rochester Hills, MI 48308-0908.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $170,000.00.

13. The first secured mortgage of JPMorgan Chase Bank, NA in the amount of $277,364.00 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. Plaintiffs scheduled the first secured mortgage of JPMorgan Chase Bank, NA in the amount $277,364.00, and the second secured claim of Defendant in the amount of $84,551.15.

5. That value of Plaintiffs' residence is $170,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir.2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

ENTER:

DATED: 8/7/12

_____
United States Bankruptcy Judge

LAW OFFICES OF JOHN HADERLEIN, ESQ.
815-C COUNTRY CLUB DRIVE
LIBERTYVILLE, IL 60048
(312) 316-4614 (voice/text)/ARDC NO. 6197623